[No. 19750.  Department Two.  May 11, 1926.]

DAN BOOM, *Appellant*, v. FIRST NATIONAL BANK OF PORT ANGELES *et al.*, *Respondents.*[1]

[1] APPEAL (282)—RECORD—NECESSITY AND CONTENTS OF BILL OF EXCEPTIONS—REVIEW OF ORDERS. The supreme court cannot review an order granting a new trial, upon setting aside findings of fact, in the absence of a bill of exceptions or statement of facts or anything in the record to show what facts were found.

Appeal from an order of the superior court for Clallam county, Ralston, J., entered August 6, 1925, in an action to foreclose a chattel mortgage, granting defendant a new trial, after trial to the court and findings in favor of the plaintiff. Affirmed.

*W. J. Conniff*, for appellant.

*Lewis & Church*, for respondent.

MAIN, J.—E. C. Holbrook and R. J. Corbett were engaged in the business of selling automobiles at Port Angeles, in this state, under the firm name of Clallam County Motor Company. They mortgaged an automobile to the First National Bank of that city and thereafter sold the same to Dan Boom. In time, the bank

¹Reported in 245 Pac. 931.

began foreclosure of its chattel mortgage by notice of sale through the sheriff's office. Boom, by petition, had the case transferred to the superior court, where a trial occurred with the result that findings of fact and conclusions of law were made and a judgment entered which sustained Boom's claimed right to the car as free and clear from the lien of the chattel mortgage. A motion for new trial was made upon six separate grounds. When this was heard the motion was granted. From the order granting the new trial, Boom appeals.

The preamble of the order recites that the trial court does not entertain the same view as this court as to the right of the parties when one is claiming under a chattel mortgage duly executed and recorded and the other a purchaser off of the floor of a sales room. There is a further recital as follows:

"And the Court is of the opinion that any findings of fact which the court has made in this case, or in any part of the judgment that the court has signed in this case, which in any way nullifies or finds void the chattel mortgage or conditional bill of sale standing in the name of the First National Bank in Port Angeles, is hereby set aside and held for naught."

The operative part of the order is as follows:

"It is therefore ordered, adjudged and decreed that the judgment and decree entered herein in favor of the plaintiff, Dan Boom, and against the defendant, on the 27th day of July, 1925, together with the findings of fact heretofore set forth, be and the same are hereby set aside, cancelled and held for naught. . . .

"It is further ordered, adjudged and decreed that a new trial of the above entitled cause is hereby granted on motion of the defendant First National Bank in Port Angeles."

[1] It will be noticed that, by the first paragraph of the operative part of the order, the "findings of fact hereinbefore set forth" shall be set aside and held for naught. The "hereinbefore" apparently refers to that

part of the preamble above set out to the effect that any findings of fact which the court had made in the case which in any way nullified or found void the chattel mortgage should be set aside.   Nowhere in the order is it said just what findings are set aside and what are adhered to.   No bill of exceptions or statement of facts has been brought to this court.   It is impossible to tell from the record now before us what the facts were as found by the court.   If the court believed that it had made a mistake as to the law in entering the judgment, it had a right to grant the new trial, but without something by which we can determine what the facts are there is no way that the order can be reviewed.

Affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.